UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

LANCE NOSSE, : CASE NO. 1:22-cv-01762
:
    Plaintiff, : OPINION & ORDER
: [Resolving Docs. 23, 26 & 29]
v. :
:
CITY OF KIRTLAND, ET AL., :
:
    Defendant. :
:

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Former Police Chief Lance Nosse sues the City of Kirtland, the Ohio Patrolmen's Benevolent Association, and individual City and Union employees after his July 2021 firing.

Beginning in February 2021, Defendants became concerned about Plaintiff Nosse's drinking. Kirtland employed Nosse as its Police Chief.

In April 2021, and after unflattering video footage of an intoxicated Nosse circulated among City officials, Nosse took medical leave for alcohol-abuse treatment. In July 2021, Nosse told Defendants that he could return to work without restrictions. Defendant Mayor Kevin Potter declined to reinstate Nosse and charged Nosse with over a dozen violations of department rules and state and local laws.

In August 2021, the Kirtland City Council held Nosse's removal hearing. The Council received evidence that while on duty, Nosse often used racial slurs, made lewd comments to and vulgar hand gestures at subordinates, used City property for personal affairs, and was frequently absent during working hours. Further evidence showed that off duty, Nosse drank

Case No. 1:22-cv-01762
GWIN, J.

before driving and used his city-issued car to transport alcohol.[1]

The Council voted to fire Nosse for "unbecoming conduct."

Plaintiff Nosse says Defendants conspired to fire him because Defendants regarded Nosse as disabled by alcoholism. So, as Nosse sees it, Nosse's firing violated three federal statutes: the Americans with Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act. Nosse also alleges disability-discrimination and Ohio employment-interference claims.

Defendant City and its Defendant Employees now jointly move to dismiss Plaintiff Nosse's complaint. Among other defenses, Defendants argue that Nosse does not show he was disabled because any impairment Nosse suffered was transitory and minor.

In response to Defendants' motion to dismiss, Plaintiff Nosse asks the Court's permission to amend his complaint. Defendants oppose amendment because, in Defendants' view, amendment would be futile.

The Court agrees with the Defendants. The Kirtland City Council and two Ohio courts have already decided that Kirtland fired Nosse because of Nosse's misconduct. And Nosse cannot challenge the state adjudications' findings in this Court. So, Nosse cannot allege that Defendants fired him based on his disability or that Defendants lacked good cause to deny Nosse's reinstatement. Further, the proposed amended complaint supports the Defendants' transitory-and-minor affirmative defense.

For the reasons explained below, the Court **DENIES** leave to amend the complaint and **GRANTS** the Defendants' motion to dismiss.

---

[1] Nosse v. Kirtland, 11th Dist. Lake No. 2022-L-032, 2022-Ohio-4161, ¶¶ 4–8.

Case No. 1:22-cv-01762
GWIN, J.

## I. Motion to Amend

Plaintiff Nosse's amended complaint would not survive a motion to dismiss. So, the Court denies his motion to amend.

When a defendant files a motion to dismiss, a plaintiff has 21 days to amend the complaint without the court's permission.[2] After 21 days, the plaintiff needs the court's leave to amend.[3] Although courts typically "freely" allow amendments, a plaintiff may not amend the complaint if amendment would be "futile." Amendment is futile when the amended complaint would not survive a motion to dismiss.[4]

Here, Plaintiff Nosse did not amend his complaint within the 21-day no-permission-needed window. Instead, Nosse waited until his motion-to-dismiss response was due and asked the Court's leave to amend his complaint.

As the Court will explain, Nosse's proposed amended complaint would not survive a motion to dismiss for failing to state a claim. So, the Court denies Nosse's motion to amend as futile.

## II. Motion to Dismiss

The Court now turns to City Defendants' motion to dismiss. Because the Court agrees that Nosse's original and amended complaints fail, the Court grants the Defendants' motion.

A complaint survives a motion to dismiss only if it offers sufficient facts which, accepted as true, state a facially plausible claim for relief.[5] To be plausible, the claim must

---

[2] FED. R. CIV. P. 15(a)(1)(B).
[3] FED. R. CIV. P. 15(a)(2).
[4] *See* Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002) (quoting Foman v. Davis, 371 U.S. 178 (1962)); *see also* Skatemore, Inc. v. Whitmer, 40 F.4th 727, 737 (6th Cir. 2022) (quoting Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010)) ("An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'").
[5] Est. of Barney v. PNC Bank, Nat. Ass'n, 714 F.3d 920, 924 (6th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S.

Case No. 1:22-cv-01762
GWIN, J.

allow the Court to reasonably infer "that the defendant is liable for the misconduct alleged."[6] Further, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."[7] Although the Court liberally construes the complaint in the plaintiff's favor, the Court need not adopt the complaint's legal conclusions or accept unwarranted factual inferences as true.[8]

Relatedly, if the complaint conclusively supports a defendant's affirmative defense, the Court may grant a motion to dismiss based on the affirmative defense.[9]

When considering a motion to dismiss, the Court considers the facts alleged in the complaint and documents attached to or relied upon in the complaint. The Court may also take notice of public documents' existence, including judicial opinions.[10]

A. **Nosse's Misconduct & Issue Preclusion**

Kirtland's City Council and two Ohio courts already decided that the City terminated Plaintiff Nosse based on Nosse's misconduct. Issue preclusion stops Nosse from challenging those findings in this Court. So, Nosse cannot allege that his firing violated federal law.

For present purposes, the Court assumes Nosse pleads prima facie disability-discrimination[11] and protected-leave claims.

After a plaintiff pleads a prima facie employment-discrimination claim under the Americans with Disabilities Act or the Rehabilitation Act, the defendant can come forward

---

662, 678, (2009)).
[6] *Id.* (quoting *Iqbal*, 566 U.S. at 677).
[7] *Id.* (quoting *Iqbal*, 566 U.S. at 678).
[8] Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006).
[9] *Barney*, 714 F.3d at 926 (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009)).
[10] *See* Passa v. City of Columbus, 123 F. App'x 694, 697 (6th Cir. 2005).
[11] Courts consider ADA and Rehabilitation Act claims under nearly identical standards. *See* Lewis v. Humboldt Acq. Corp., Inc., 681 F.3d 312 (6th Cir. 2012) (en banc) (ADA and Rehabilitation Act claims are identical except that ADA claims require plaintiffs to plead but-for causation and Rehabilitation Act claims require plaintiffs to plead sole causation).

- 4 -

Case No. 1:22-cv-01762
GWIN, J.

with a "legitimate explanation" for the firing.[12] If the employer gives a non-discriminatory reason for the firing, the plaintiff prevails only if the plaintiff shows that the defendant's explanation is pretextual.[13]

The Family and Medical Leave Act similarly requires the employer to offer a good reason for denying reinstatement after taking protected medical leave. Employers may lawfully deny reinstatement based on "a legitimate reason unrelated to the exercise of [medical-leave] rights … ."[14]

Put simply, all three of Plaintiff Nosse's federal claims turn on whether the City had non-discriminatory lawful reasons to remove Nosse.

Unfortunately for Nosse, his complaint fails to allege more than the sheer possibility that the City fired him or refused to reinstate him for unlawful reasons. Instead, the complaint shows that the City fired Nosse based on Nosse's misconduct.

After unflattering footage of an intoxicated Nosse circulated among City officials, Defendants investigated Nosse's job performance. The investigation yielded troubling evidence of a range of Nosse's misconduct.

In a letter dated July 7, 2021, Defendant Mayor Kevin Potter charged Nosse with over a dozen violations of police-department rules and state and local laws.[15] Potter charged Nosse under Ohio's delinquent-officers statute and a related Kirtland City Ordinance.[16] Under the delinquent-officers statute, heads of municipal departments face removal when there exists "reason to believe that the head of a department or such officer has been guilty,

---

[12] *Babb*, 942 F.3d at 320.
[13] *Babb*, 942 F.3d at 320.
[14] Edgar v. JAC Products, Inc., 443 F.3d 501 (6th Cir. 2006).
[15] Doc. 23-1.
[16] *Id.* at 3 (PageID 137).

- 5 -

Case No. 1:22-cv-01762
GWIN, J.

in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness … ."[17] The City's ordinance similarly provided for a police chief's removal "for just cause."[18]

On August 3, 2021, after hearing the charges and evidence, the Kirtland City Council voted 6–1 to fire Nosse. The Council found "that Nosse's professional and personal behavior constituted unbecoming conduct," which justified his removal.[19]

According to Nosse, Defendants conducted only a "sham" investigation into his job performance to find pretextual reasons to fire him.

But Nosse fully litigated whether the City had just cause to fire him before the City Council and in two Ohio courts. So, issue preclusion prevents Nosse from challenging in this Court the City's reasons for the firing.

The Court applies Ohio's issue-preclusion standard.[20] In Ohio, when a court properly decides a material fact or issue in one case, subsequent cases may not relitigate the first court's decision, even if the later case states a different cause of action than the first case.[21] Issue preclusion applies to facts decided in "administrative proceedings of a judicial nature" and state-court proceedings.[22]

Here, Nosse appealed the Kirtland City Council's decision to an Ohio common-pleas court, which found that the evidence supported the Council's decision. An Ohio appeals court, in turn, affirmed the common-pleas court's decision.

---

[17] O.R.C. §§ 733.35–36.
[18] Nosse v. Kirtland, 11th Dist. Lake No. 2022-L-032, 2022-Ohio-4161, ¶ 34 (quoting K.C.O. 244.01(d)).
[19] *Id.* ¶¶ 12–13.
[20] *See* Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80–81 (1984) (discussing 28 U.S.C. § 1738) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").
[21] H.P. Mfg. Co., Inc. v. Westfield Ins. Co., 8th Dist. No. 106541, 2018-Ohio-2849, 117 N.E.3d 146, ¶ 30.
[22] *See* Rizvi v. St. Elizabeth Hosp. Med. Ctr., 146 Ohio App.3d 103, 765 N.E.2d 395 (2001)

Case No. 1:22-cv-01762
GWIN, J.

As described in the Ohio appeals court's opinion, evidence presented at the removal hearing showed that Nosse committed dischargeable offenses both on and off duty.[23] Most of the misconduct justifying Nosse's firing had no relation to alcohol.[24]

Further, to the extent the Council's decision to fire Nosse partially relied on Nosse's violations of workplace alcohol rules, the decision was lawful. Although federal law prohibits firing an employee because the employee is an alcoholic, the law permits firing an alcoholic employee for alcohol-related misconduct.[25] So, the state findings that Nosse's alcohol-related misconduct justified his removal undercut his disability-discrimination claims.

In light of the state adjudications' now-unchallengeable findings, Nosse cannot allege that the City instead terminated him because the City regarded him as disabled. Nor can he plausibly allege that Defendants lacked a legitimate reason to refuse to reinstate him following medical leave.

B.   Transitory & Minor Defense

Even if Plaintiff Nosse could relitigate why the City fired Nosse in this Court, Nosse's disability-discrimination claims would still fail. The complaint shows that any impairment Nosse suffered was transitory and minor. Nosse's perceived impairment lasted less than six months. And Nosse says he could have returned to work without restrictions. So, the complaint supports Defendants' transitory-and-minor affirmative defense.

Under a regarded-as-disabled theory, defendants are not liable when the plaintiff's

---

[23] *Nosse*, 2022-Ohio-4161 at ¶ 37.
[24] *See id.* at ¶ 42 ("[T]he use of racially derogatory language, statements about employees' sexual conduct, concerns expressed by employees that he was frequently distracted or not present in the office, and drinking in his office ... supported the finding made below.").
[25] 42 U.S.C. § 12114(c)(4); *see* Marquez v. Roybal, CV 98-889 JP/WWD, 1999 WL 35809479, *7-8 (D.N.M. June 7, 1999).

- 7 -

Case No. 1:22-cv-01762
GWIN, J.

actual or perceived impairment is objectively "transitory and minor."[26] Impairments that last six-or-fewer months and do not significantly restrict an employee's job performance are transitory and minor.[27]

Here, any perceived impairment lasted less than six months. On February 12 and February 17, 2021, attorneys for the Ohio Patrolmen's Benevolent Association and the City exchanged emails suggesting that Nosse's off-duty drinking might affect Nosse's job performance. Construing these emails liberally in Plaintiff Nosse's favor, the Court could reasonably infer that the City regarded Nosse as impaired by alcoholism as early as February 2021.[28]

Two months later, in April 2021, Nosse took medical leave to seek alcohol-abuse treatment.

But on July 6, 2021, Nosse informed Mayor Kevin Potter that Nosse could return from medical leave without restrictions.[29] Less than five months passed between the February emails and Nosse's July unrestricted-reinstatement request. So, any perceived impairment was transitory.

Further, any perceived impairment did not significantly impact Nosse's ability to do his job. Nothing in the complaint suggests Nosse requested or required accommodations to

---

[26] Babb v. Maryville Anesthesiologists P.C., 942 F.3d 308, 319 (6th Cir. 2019) (citing 42 U.S.C. § 12102(3)(B)).
[27] 42 U.S.C. § 12102(3)(B); Lyons v. Katy Indep. School Dist., 964 F.3d 298, 303 (5th Cir. 2020) (deciding any perceived impairment was minor because employee's surgery only required employee to work with restrictions for six to eight weeks).
[28] Doc. 26-1 at 22 (PageID 178). Nosse says the City first regarded him as impaired in January 2021. Specifically, Nosse alleges that Mayor Kevin Potter's decision not to recommend a pay raise because Nosse was reportedly drinking and driving shows that the City regarded him as impaired. *Id.* at ¶ 12. But refusing to recommend a pay raise based on Nosse's drinking and driving does not give rise to a reasonable inference that the City perceived Nosse as disabled by alcoholism. And even if it did, only six months elapsed between the January meeting and Nosse's July reinstatement request.
[29] Doc. 26-1.

- 8 -

Case No. 1:22-cv-01762
GWIN, J.

fulfill his police-chief duties before his medical leave. Further, Plaintiff Nosse admits that he was and remains able to return to work without any restrictions. This admission further shows that any impairment was objectively minor.[30]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to amend the complaint and **GRANTS** Defendants' motion to dismiss Plaintiff's Americans with Disabilities Act, Rehabilitation Act, and Family and Medical Leave Act claims with prejudice. Because Plaintiff Nosse's federal statutory claims provided the Court's subject-matter jurisdiction over this case, the Court **DISMISSES** Nosse's remaining state-law claims, including Plaintiff's claims against Defendants Ohio Patrolmen's Benevolent Association and Adam Chaloupka, without prejudice.

IT IS SO ORDERED.

Dated: February 23, 2023     *s/   James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[30] *See Neely*, 640 F. App'x at 436 (explaining that plaintiff's "own admission that his [purported disability] did not affect his ability to work" showed that any disability was minor).

- 9 -