UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

LANCE NOSSE, : CASE NO. 1:22-cv-01762
:
    Plaintiff, : ORDER
: [Resolving Doc. 31]
v. :
:
KEVIN F. POTTER, ET AL., :
:
    Defendants. :
:

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Lance Nosse asks the Court to reconsider the Court's decision to deny leave to amend the complaint and the Court's decision to grant Defendants' motion to dismiss. Because Nosse gives no good reason for reconsideration, the Court **DENIES** Nosse's motion.

**Background**

Plaintiff Nosse, a former police chief, sued the City of Kirtland, a police union, and various individual defendants. The complaint alleged that Defendants conspired to fire Nosse because Defendants believed Nosse was alcoholism impaired. So, Nosse said, the firing violated federal and state disability-discrimination and medical-leave laws.[1]

City Defendants moved to dismiss. Among other things, Defendants argued that because Ohio adjudications had already decided that Defendants fired Nosse because of Nosse's misconduct, Nosse could not relitigate those decisions in this Court. Defendants further argued that any impairment was only transitory and minor.[2]

In response, Nosse sought leave to amend his complaint.[3]

---

[1] Doc. 1.
[2] Doc. 23.
[3] Doc. 26.

Case No. 1:22-cv-01762
GWIN, J.

In a February 22, 2023, opinion and order, this Court denied Nosse's motion for leave to amend the complaint and granted Defendants' motion to dismiss.[4]

The Court explained that Nosse's amended complaint could not survive a motion to dismiss.[5] So, amendment would be futile.[6] The Court also agreed with Defendants that Ohio courts already decided that Nosse's misconduct motivated the firing.[7] So, Nosse could not plausibly allege that any disability or protected-leave exercise caused his firing.[8]

Finally, the Court decided that Nosse's complaint supported Defendants' transitory-and-minor affirmative defense.[9] Any alleged impairment lasted less than six months, and Nosse had alleged that he could return to work without restrictions.[10] The transitory-and-minor defense gave a second, independent reason to dismiss Nosse's disability-discrimination claims.

Now, Nosse says that Ohio courts never decided why Defendants terminated Nosse. And Nosse says that alcoholism can never be a transitory-and-minor impairment. Neither argument holds water.

### Motions for Reconsideration

Courts sparingly grant motions to reconsider. "[A] motion for reconsideration is unfounded unless it either calls [the Court's] attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that

---

[4] Nosse v. City of Kirtland, 1:22-CV-01762, 2023 WL 2185969 (N.D. Ohio Feb. 23, 2023).
[5] *Id.* at *1–2.
[6] *Id.*
[7] *Id.* at *3–4.
[8] *Id.*
[9] *Id.* at *4–5.
[10] *Id.*

- 2 -

Case No. 1:22-cv-01762
GWIN, J.

could not previously have been submitted, or successfully points out a manifest error of fact or law."[11]

### Ohio Courts' Decisions

Plaintiff Nosse first argues that the Ohio common-pleas court never decided Defendants' motivation for firing Nosse. Nosse says that the common-pleas court found that "the [Defendant Kirkland City] Council *could* reasonably conclude that Nosse's personal behavior constituted unbecoming conduct ... ."[12] So, according to Nosse, this Court made a manifest factual error by finding that the common-pleas court had decided Defendants' Nosse termination reasons.

Not so. In the very next paragraph, the common-pleas court stated unequivocally that the Council properly "determin[ed] that Nosse's professional and personal behavior constituted unbecoming conduct ... ."[13] Nosse cannot relitigate the common-pleas court's findings here.

For the same reason, Nosse's argument that the Ohio appeals court "incorrectly" decided that the Council fired Nosse based on Nosse's misconduct also fails. Issue preclusion prohibits Nosse from relitigating the appeals court's factual findings.[14]

So, Nosse fails to give any reason to reconsider the issue-preclusion decision.

### Transitory & Minor

Next, Plaintiff Nosse briefly asks the Court to reconsider its decision that any Nosse impairment was transitory and minor. But apart from repeating the allegation that Nosse will

---

[11] United States v. Chambers, 1:16-cv-1523, at *2 (N.D. Ohio, Mar. 20, 2016) (Gwin, J.) (slip op.) (quoting Davie v. Mitchell, 291 F. Supp. 2d 573 (N.D. Ohio 2003), *aff'd,* 547 F.3d 297 (6th Cir. 2008)).
[12] Doc. 31 at 3 (PageID 256) (emphasis in Plaintiff's motion) (quoting Nosse v. City of Kirtland, Lake C.P. No. 21CV001063, at *6 (Mar. 31, 2022)).
[13] *Nosse*, Lake C.P. No 21CV001063, at *6–7.
[14] *Nosse*, 2023 WL 2185969, at *3–4.

- 3 -

Case No. 1:22-cv-01762
GWIN, J.

require "rehabilitation and counseling" indefinitely, Nosse gives no legal or factual basis for any reconsideration. And as the Court explained in the opinion, Nosse told Defendants that he could return to work without restrictions or accommodations. And Nosse represented that he could return to non-restricted work less than six months after any concerns about Nosse's drinking arose.[15]

So, Nosse does not give good reason to reconsider the transitory-and-minor decision.

### Conclusion

For the foregoing reasons, the Court **DENIES** Nosse's motion to reconsider.

IT IS SO ORDERED.

Dated: April 11, 2023       *s/    James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[15] *Id.* at *4–5.